<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
MAURICE SHOATZ,                       )
      also known as "Mark Mitchell",  ) Civil Action
                                      ) No. 07-cv-5424
                  Petitioner          )
                                      )
            vs.                       )
                                      )
DAVID DIGUGLIELMO (SUPERINTENDENT);   )
THE DISTRICT ATTORNEY OF THE COUNTY   )
   OF PHILADELPHIA; and               )
THE ATTORNEY GENERAL OF THE STATE     )
   OF PENNSYLVANIA,                   )
                                      )
                  Respondents         )
```

<u>O R D E R</u>

NOW, this 23rd day of February, 2011, upon consideration of the following documents:

(1)   Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner Maurice Shoatz pro se on December 21, 2007 (Document 1)[1];

(2)   Memorandum of Law filed by petitioner on February 4, 2008 (Document 6);

(3)   Response to Petition for Writ of Habeas Corpus, which response was filed by respondents on June 12, 2008 (Document 19);

(4)   Report and Recommendation of United States Magistrate Judge Henry S. Perkin filed June 13, 2008 (Document 22);

---

[1]     Although the docket entries reflect that the petition for writ of habeas corpus was filed December 21, 2007, petitioner Maurice Shoatz indicated below his signature that he executed the petition on December 12, 2007. (<u>See</u> page 18 of the habeas corpus petition.)  As indicated by United States Magistrate Judge Henry S. Perkin on page 4 of his Report and Recommendation filed June 13, 2008, "Pursuant to the prison mailbox rule, this Court will consider the date of filing as December 12, 2007. <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1997)(motion is deemed filed on date petitioner delivered petition to prison officials to mail)."

(5)     Objection to Magistrate Judge's Proposed Findings,
        Recommendations or Report Under 28 U.S.C. Section
        636(b)(1)(B), which objection was filed by petitioner
        on June 23, 2008 (Document 23);

(6)     Response to Petitioner's Objections to the Magistrate
        Judge's Report and Recommendation, which response was
        filed by the respondents on August 24, 2009
        (Document 25);

it appearing after review of this matter that Magistrate Judge

Perkin's Report and Recommendation correctly determined the legal

and factual issues presented in the petition for habeas corpus

relief,

        IT IS ORDERED that the objections of petitioner to the

Report and Recommendation of Magistrate Judge Perkin are

overruled.[2]

---

        [2]     When objections are filed to a magistrate judge's report and
recommendation, I am required to make a de novo determination of those
portions of the report, findings or recommendations made by the magistrate
judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b)
of the Rules of Civil Procedure for the United States District Court for the
Eastern District of Pennsylvania.  Furthermore, district judges have wide
latitude regarding how they treat recommendations of the magistrate judge.
See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424
(1980).  Indeed, by providing for a de novo determination, rather than a de
novo hearing, Congress intended to permit a district judge, in the exercise of
the court's sound discretion, the option of placing whatever reliance the
court chooses to place on the magistrate judge's proposed findings and
conclusions.  I may accept, reject or modify, in whole or in part any of the
findings or recommendations made by the magistrate judge.  Raddatz, supra.

        Petitioner raises four objections: First, petitioner suggests that
Magistrate Judge Perkin erred by confining his analysis to the untimeliness of
his petition rather than addressing the merits of his underlying claims.
Second, petitioner contends that this court may ignore the one-year limitation
on filing a § 2254 petition mandated by the amendment to 28 U.S.C. 2244,
enacted through Section 101 of the Antiterrorism and Effective Death Penalty
Act of 1996, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA"), to reach the merits of
his claims because he claims that the state trial court's judgment was void.
Third, petitioner contends that his petition was timely filed under a
statutory tolling analysis.  Finally, petitioner contends that his petition
was timely filed under an equitable tolling analysis.

        Petitioner's first objection is without merit.  As the Report and
Recommendation correctly notes, a strict one-year period of limitation applies
to an application for a writ of habeas corpus by a person in state custody.

(Footnote 2 continued):

28 U.S.C. § 2244. Therefore, this court is without jurisdiction to reach the merits of petitioner's claims if his petition is time-barred. As discussed further below, I have reviewed the Report and Recommendation and conclude that Magistrate Judge Perkin correctly determined that petitioner's § 2254 petition is time-barred. Accordingly, I overrule the first objection.

Petitioner's second objection is also without merit. Petitioner suggests that this court may ignore the time-bar to reach the merits of his claims because he avers in his petition that the state trial court lacked jurisdiction to convict him of charges that were added to his state-court criminal complaint by motion of the Commonwealth at his preliminary hearing. Therefore, petitioner avers that the state court judgment was void and with no legal force, and thus "there can be no time limitation." Petitioner's Objections at 3. Petitioner relies on <u>Old Wayne Mutual Life Association v. McDonough</u>, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345 (1907), which stands for the proposition that a state court need not give full faith and credit to a civil judgment of another state's court where that court lacked jurisdiction over a party, and is not relevant to this matter.

Petitioner cites no other caselaw supporting his argument that this court may ignore the strict one-year limitation period of 28 U.S.C. § 2244 simply because his claim questions the jurisdiction of the state trial court and the validity of its judgment. To the contrary, district courts have applied the one-year limitation period even where the underlying claims in habeas petitions challenge jurisdiction or validity of a judgment. <u>See, e.g.</u>, <u>United States v. Viola</u>, 2003 U.S.Dist.LEXIS 11692, *3-4 (E.D.Pa. July 10, 2003)(Kelly, James McGirr, J.); <u>Breese v. Maloney</u>, 322 F.Supp.2d 109, 111-112 (D.Mass. 2004). Accordingly, I overrule the second objection.

Petitioner's third objection is also without merit. Petitioner contends that the limitations period is statutorily tolled because he has a writ of habeas corpus petition pending in the Supreme Court of Pennsylvania, which was filed in that court on January 10, 2008.

As Magistrate Judge Perkin correctly determined, petitioner's state-court judgment of sentence became final on May 17, 1996, the date that his time expired to seek direct review of his sentence by the Supreme Court of Pennsylvania. Therefore, pursuant 28 U.S.C. § 2254, petitioner had one year, or until on or before May 17, 1997, to file a petition for a writ of habeas corpus in federal court.

On January 21, 1997, on the 249th day of the one-year limitation period, petitioner filed his first collateral appeal in state court pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. As Magistrate Judge Perkin correctly notes, petitioner's limitation period was statutorily tolled during the pendency of that first PCRA petition. 28 U.S.C. § 2244(d)(2). The first PCRA petition was denied on December 15, 1997 and was no longer pending on January 14, 1998, when petitioner's time to appeal the denial expired. On that date, petitioner's one-year limitations period resumed running with 116 days left, giving petitioner until May 10, 1998 to file a petition for a writ of habeas corpus in federal court. Petitioner did not file the within petition until December 12, 2007, over nine years later.

As Magistrate Judge Perkin notes, petitioner filed three subsequent PCRA petitions on June 14, 2000, March 21, 2007, and December 7,

(<u>Footnote 2 continued</u>):

2007. Petitioner's objection refers to yet another petition filed January 10, 2008. The record of this matter reveals that the June 2000, March 2007, and January 2008 petitions were dismissed as untimely. An untimely PCRA petition does not toll the AEDPA one-year limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669, 679 (2003). Moreover, because all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired on May 10, 1998, none of these filings entitle petitioner to statutory tolling, regardless of their disposition. Accordingly, I overrule the third objection.

Petitioner's final objection is also without merit. Petitioner contends that he is entitled to equitable tolling of his limitations period. As Magistrate Judge Perkin correctly noted, equitable tolling should be used sparingly. Seitzinger v. Reading Hospital & Medical Center, 165 F.3d, 236, 239 (3d. Cir. 1999). Petitioner has the burden to show that he "diligently pursued his rights and that some extraordinary circumstance stood in his way." Satterfield v. Johnson, 434 F.3d 185, 195 (3d. Cir. 2006). Equitable tolling may apply where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Id.

In support of his argument for equitable tolling, Petitioner first contends that the procedural activity in his case from 1995-2008 shows that he has diligently been pursuing his rights. Petitioners Objections at 2. While it may be true that petitioner has attempted to pursue his rights in state court through his series of state PCRA petitions, at least three of which were dismissed as untimely, he fails to show why he waited over nine years to file his § 2254 petition for writ of habeas corpus in federal court. I agree with Magistrate Judge Perkin's conclusion that "a reasonably diligent petitioner would have acted promptly to preserve his rights...in federal court." Report and Recommendation at 10.

Petitioner also contends that he "has never received an evidentiary hearing in this case" which is an "extraordinary circumstance that has stood in [his] way for more than thirteen (13) years." Petitioner's Objections at 2. It is unclear whether by the phrase "this case", petitioner is referring to the instant habeas petition or his state-court PCRA actions. However, in either scenario petitioner again fails to show why not receiving an evidentiary hearing prevented him from filing his § 2254 petition in a timely manner, and he has not shown that he is entitled to such a hearing. Because I conclude that petitioner has not shown that he is entitled to equitable tolling, I overrule the fourth objection.

I conclude that the remainder of the contentions included in petitioner's objections to Magistrate Judge Perkin's Report and Recommendation are nothing more than a restatement of the underlying claims contained in his petition for habeas corpus. Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner.

Accordingly, I approve and adopt Magistrate Judge Perkin's Report and Recommendation and overrule petitioner's objections to the Report and Recommendation.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Perkin is approved and adopted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:


 /s/ James Knoll Gardner
James Knoll Gardner
United States District Judge